IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DORRELL McKEE-BEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. **02-1093-CJP** |
| | ) | |
| **LT. MITCHELL, and** | ) | |
| **MEDICAL TECHNICIAN REED,** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**PROUD, Magistrate Judge:**

This matter is before the court pursuant to the Seventh Circuit's order of January 9, 2007, directing this court to explain the reason for denying Plaintiff's Motion to Have Transcripts Made Available to In Forma Pauperis Plaintiff **(Doc. 97)**.

**28 U.S.C. §753(f)** states "Fees for transcripts furnished in other proceedings [such as this case] to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." This court views the statute as requiring two separate conditions before plaintiff is entitled to receive a transcript at government expense, i.e., the appeal must be nonfrivolous, *and* must also present a substantial question. "The established rule is that the expenditure of public funds is proper only when authorized by Congress, not that public funds may be expended unless prohibited by Congress." ***U. S. v. MacCollom***, **426 U.S. 317, 321, 96 S.Ct. 2086, 2089 (1976).** In this court's opinion, Section 753(f) does not authorize the court to require the government to pay for the transcript in all in forma pauperis appeals. Rather, by

1

adding the phrase "but presents a substantial question," Congress has indicated its intent that an appellant must make an additional showing beyond that which is required for obtaining leave to appeal in forma pauperis.

The Seventh Circuit has determined that plaintiff's appeal is not taken in bad faith  **See, Doc. 92.**  This satisfies the first condition, as an appeal which is taken in good faith equates to a nonfrivolous appeal.  ***Lee v. Clinton*, 209 F.3d 1025, 1026-1027 (7th Cir. 2000)**.  However, the second condition required by the statue has not been satisfied.  This court is unable to certify that plaintiff's appeal presents a substantial question because this court does not know what issues plaintiff intends to raise on appeal.

Plaintiff's notice of appeal, docketed as **Doc. 82** in this court's file, states only that he appeals from the final judgment.  Likewise, the motion for leave to proceed in forma pauperis does not describe plaintiff's issues.  There is no indication in any of the pleadings filed by plaintiff in this court of the basis for his appeal, except that he disagrees with the judgment.

If plaintiff wants to refile his motion seeking a transcript, setting forth the issues he intends to raise on appeal, this court would then be able to consider whether he presents a substantial question.

**DATED:  January 17, 2007.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
